IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                                 |
|--------------------------|---|---------------------------------|
| CHARLES W. JOHNSON, JR., | * |                                 |
|                          | * |                                 |
| Plaintiff,               |   |                                 |
|                          | * | Civil Action No. RDB-17-2104    |
| v.                       |   |                                 |
|                          | * |                                 |
| U.S. DEPARTMENT OF       |   |                                 |
| EDUCATION,               | * |                                 |
|                          |   |                                 |
| Defendant.               | * |                                 |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Charles W. Johnson, Jr. ("Plaintiff" or "Johnson") brings this action

against Defendant United States Department of Education ("Defendant" or "Department")

seeking judicial review of the Department's decision to deny his request to discharge his

student loan debt on the basis of identity theft. (ECF No. 1.) Currently pending before this

Court is the Defendant's Motion for Summary Judgment. (ECF No. 12.) This Court

previously mailed a Rule 12/56 letter to Plaintiff Johnson notifying him of Defendant's

pending Motion for Summary Judgment and his right to file a response within seventeen

(17) days before the Court may enter judgment against him without further notice. (ECF

No. 13.) After granting Plaintiff's Motion for Extension of Time, Plaintiff had until February

7, 2018 to file a response to Defendant's Motion. (ECF No. 15.) Plaintiff has not filed a

response to the Defendant's Motion. The Motion has been reviewed, and no hearing is

necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the Defendant's

Motion for Summary Judgment (ECF No. 12) is GRANTED.

## BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). Further, as Plaintiff proceeds *pro se*, this Court has "liberally construed" the pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, 698 Fed. App'x 141 (4th Cir. Oct. 5, 2017).

### I. Student Loan History

The facts of this case are established in large part by the Department's Administrative Appeal Record. (Exhibit B, ECF No. 11-2.)[1] On March 5, 1980, Charles W. Johnson, Jr.[2] signed a Student Loan Application ("Application") requesting $2,494 dollars to attend Baltimore City Community College. (*Id.* at 2.) About two weeks later, Johnson signed a Promissory Note ("Original Note") agreeing to repay the loan in the future. (*Id.* at 3.) However, after filing for bankruptcy in 1999,[3] Johnson proceeded to sign a new Promissory Note ("Consolidation Note") on September 26, 2001, consolidating his student loans.[4] (*Id.* at 7.)

---

[1] The Declaration of Brian Siegel, Deputy Assistant General Counsel, Division of Postsecondary Education, United States Department of Education, certifies that the Administrative Appeal Record is a true and correct copy (as redacted to comply with the E-Government Act) of the record considered by the Department in denying Plaintiff's request to discharge his student loan debt.

[2] In his Complaint, Plaintiff Johnson disputes that he was the individual who signed the student loan documents. (ECF No. 1 at 6.) However, as explained below, this mere allegation does not generate a genuine issue of material fact as to whether the agency's determination was "arbitrary or capricious" under 5 U.S.C. § 706(2)(A). *See infra* pp. 6-10.

[3] (Bankruptcy Filing Cover Page, ECF No. 11-2 at 4.)

[4] The terms of the Consolidation Note required that Johnson repay $3,511 dollars plus interest. (*Id.* at 7.)

## II. Discharge of Student Loan Debt

On June 12, 2017, Plaintiff Johnson completed a *Certification/Agreement of Cooperation of Identity Theft Claims* ("Discharge Form") seeking an administrative discharge of his student loan debt due to False Certification. (*Id.* at 18-20.) The Discharge Form, certified under the penalty of perjury, instructed Johnson to submit, among other things, "[a] court judgment that conclusively finds that you were a victim of identity theft and identifies the name(s) of the individual(s) who committed the crime." (*Id.* at 18.) Along with the Discharge Form, Johnson proceeded to submit a photocopy of an expired drivers' license, a Social Security card and a hand-written statement[5] claiming he "[did] not know anything about a student loan" and that "so[me]one else [was] using [his] identity." (*Id.* at 19-20.) Johnson also claimed that "about the same year . . . someone with the same name and all most [sic] the same social security number used [his] identity for child support payments." (*Id.* at 20.) Specifically, Johnson stated that, in 2001, the year in which he signed the Consolidation Note, he "was working as a long distance truck driver" and has now "been driving a truck for 32 years." (*Id.*) However, Johnson failed to include a copy of a court judgment finding that he was a victim of identity theft nor did he identify the name of the individual who allegedly committed such a crime. (*Id.*)

## III. The Department Denies Plaintiff's Request and Plaintiff Files Suit

On June 28, 2017, the Department wrote to Plaintiff Johnson, explaining:

> Unfortunately, you do not qualify for a discharge of your loans due to False Certification. The loans obtained to Baltimore City Community College were consolidated. The consolidation of your debt serves as official ratification of

---

[5] Johnson's claims in his handwritten statement are similar to those stated in the Complaint (ECF No. 1 at 6.)

that debt. As a result, you are still responsible for the repayment of the debt and any interest and/or fees associated with the debt.

(Agency Determination Letter, ECF No. 11-2 at 21.)[6] The letter further explained to the Plaintiff: "If you disagree with this decision, you may file a lawsuit in U.S. Federal District Court." (*Id.*) On July 26, 2017, Johnson filed this Complaint, alleging that he still "do[es] not know anything about a student loan," and that "someone else is using [his] identity." (ECF No. 1 at 6.) Johnson also argues that he "[d]id not [at]tend a community college." (*Id.*)

## STANDARD OF REVIEW

A motion for summary judgment is generally governed by Rule 56(a) of the Federal Rules of Civil Procedure, which provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). In other words, "[i]n the face of the defendant's properly supported motion for summary judgment, the plaintiff [cannot] rest on his allegations . . . without 'any significant probative evidence tending to support the complaint.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)

---

[6] The Administrative Appeal Record also reflects that the Department denied Johnson's request to discharge his student loan debt on the grounds that the signatures on the Original Note and Consolidation Note appeared genuine. (*Id.* at 5.)

4

(quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290 (1968)). As the Supreme Court has emphasized, "[b]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. 242, 247-48 (1986). On those issues for which the nonmoving party will have the burden of proof, it is the responsibility of the nonmoving party to confront the motion for summary judgment with evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324. A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Pursuant to the Administrative Procedure Act ("APA"), federal courts can review and overturn final agency actions under certain circumstances. *See Shlikas v. U.S. Dept. of Educ.*, 2015 WL 3887703, at *2 (D. Md. June 22, 2015); *Johnson v. Spellings*, 2008 WL 8183822, at *4 (D. Md. July 11, 2008); *see also Castagnola v. Educ. Credit Mgmt. Corp.*, 2013 WL 3288165, at *3 (S.D. Ohio June 28, 2013) (stating that "[t]he Department of Education's denial of [a] [p]laintiff's request to discharge his [s]tudent loan is reviewable by th[e] Court under the Administrative Procedure Act."). "Under the APA, a court's inquiry into the propriety of an agency decision is limited to whether the agency's determination was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or 'unsupported by

substantial evidence,' or 'unwarranted by the facts.'" *Spellings*, 2008 WL 8183822 at *4

(quoting 5 U.S.C. § 706(2)(A), (E), (F)); *see also Knox v. U.S. Dep't of Labor*, 434 F.3d 721, 723–

24 (4th Cir.2006); *Castagnola*, 2013 WL 3288165 at *4 (denying a claim that the Department

of Education wrongly rejected plaintiff's loan-discharge request where the request was "not

arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law").

## ANALYSIS

In reviewing the Department's decision to reject Johnson's student loan discharge

request, this Court will assess the existence of any genuine issue of material fact as to

whether the agency's determination was "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As to whether agency action is

arbitrary or capricious, the scope of review under that standard is narrow. This Court must

"consider whether an agency's decision was based on a consideration of the relevant factors

and whether there has been a clear error of judgment." *Motor Vehicle Mfrs. Ass'n v. State Farm

Mutual Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). However, the Court may not substitute its

policy judgment for that of the agency when the policy is rational. *See Chevron, U.S.A., Inc. v.

Nat. Res. Def. Counsel, Inc.*, 467 U.S. 837, 865-66 (1984). In short, an agency decision which is

sustainable by the administrative record must be upheld. *Camp v. Pitts*, 411 U.S. 138, 141

(1973). "[T]he Supreme Court has instructed that '[e]ven when an agency explains its

decision with less than ideal clarity, a reviewing court will not upset the decision on that

account if the agency's path may reasonably be discerned.'" *Nat'l Elec. Mfrs. Ass'n v. U.S.

Dep't of Energy*, 654 F.3d 496, 514-15 (4th Cir. 2011) (quoting *Ala. Dep't of Envt'l Conservation v.

EPA*, 540 U.S. 461, 497 (2004)). An agency's construction of a statute it administers can only

be deemed "not in accordance with law" if the relevant statute unambiguously forecloses the agency's interpretation, or if the agency's interpretation is not a permissible construction of the statute. *Chevron*, 467 U.S. at 842-44 (1984) (noting that "[i]f the agency's interpretation is a permissible construction of the statute, it must stand"); *see also Barnhart v. Walton*, 535 U.S. 212, 217-18 (2002). The plaintiff bears the burden of proof to produce evidence that the agency's determination was of such an impermissible nature. *Spellings*, 2008 WL 8183822 at *4 (citing *Fort Sumter Tours v. Babbitt*, 66 F.3d 1324, 1336 (4th Cir.1995)).

In this case, there is no genuine dispute that Plaintiff Johnson failed to comply with the regulatory requirements under the Federal Direct Loan Program ("FDLP")[7] for an administrative discharge of a student loan on the basis of identity theft. *See* 34 C.F.R. § 685.215(c)(4)(i)(A), (B), (C). The FDLP explicitly states that certain documentation "must" be provided by "an individual whose eligibility to borrow was falsely certified because he or she was a victim of the crime of identity theft and is requesting a discharge . . . ." 34 C.F.R. § 685.215(c)(4); *see also Source Search Techs., LLC v. Lending Tree, LLC*, 2006 WL 3289942, at *2 (D.N.J. Nov. 13, 2006) ("The word 'must' is mandatory language . . . ."). Among these required documents, there must be "a copy of a local, State, or Federal court verdict or judgment that conclusively determines that the individual who is named as the borrower of the loan was the victim of a crime of identity theft . . . ." 34 C.F.R. § 685.215(c)(4)(i)(C).

Here, the Administrative Appeal Record clearly shows Johnson never provided the Department with the requisite court judgment substantiating his claim that he was the victim of identity theft. (Discharge Form, ECF No. 11-2 at 18-20.) Further, the Administrative

---

[7] *See* 34 C.F.R. § 685.215.

Appeal Record also reflects that the Department denied Johnson's request to discharge his student loan debt on the grounds that the signatures on the Original Note and Consolidation Note appeared genuine when compared to his signature on the Discharge Form. (Historical Events/Transaction History, ECF No. 11-2 at 11.)

In summary, Plaintiff Johnson failed to produce any evidence tending to support his Complaint against the Department's decision to deny his request, which is fatal to his claim. *See Austin v. United States Dep't of Educ.*, 2010 WL 1172569, at *4 (N.D. Ill. Mar. 19, 2010) (granting summary judgment in favor of the Department based on plaintiff's failure to either "provide credit evidence to support her claims of identity theft . . . [or] . . . comply with the Department's requests for further proof of identity theft"). More specifically, there is no genuine dispute that the Department's decision is sustainable by the administrative record and was not "arbitrary, capricious, or an abuse of discretion." *See, e.g., Mahmood v. United States*, 2012 WL 3038638, at *3 (D. Md. July 24, 2012) (holding that an agency's sanction was not arbitrary and capricious where the sanction "is, in fact, mandated"); *Castagnola*, 2013 WL 3288165, at *4 (dismissing an analogous complaint when the signature on the loan document in question belonged to the plaintiff and was "supported by substantial evidence on the record as a whole, which shows that the numerous documents reviewed and the loan documents reflect signatures that look nearly identical"); *183 Bronx Deli Grocery Corp. v. United States*, 2012 WL 2359664, at *5 (S.D.N.Y. June 18, 2012) ("[T]he penalty imposed on [defendant] was mandated by the governing regulations and was not arbitrary and capricious."). For the foregoing reasons, the Department is entitled to summary judgment as a matter of law pursuant to Fed. R. Civ. P. 56(a).

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No.

12) is GRANTED and Plaintiff Johnson's claims are DISMISSED.

A separate Order follows.

Dated:        July 13, 2018

_____
Richard D. Bennett
United States District Judge